NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| In the Matter of:  BRENT THEODORE CHERNE; SHERYL LYNN CHERNE, <br><br> Debtors, <br><br>------------------------------<br><br> BRENT THEODORE CHERNE; SHERYL LYNN CHERNE, <br><br> Plaintiffs-Appellants, <br><br> v. <br><br> UNITED STATES OF AMERICA, INTERNAL REVENUE SERVICE, <br><br> Defendant-Appellee. | No.   15-35802 <br><br> D.C. No. 1:14-cv-00356-EJL <br><br> MEMORANDUM* |

Appeal from the United States District Court
for the District of Idaho
Edward J. Lodge, District Judge, Presiding

Argued and Submitted October 4, 2017
Portland, Oregon

Before:  PAEZ and BEA, Circuit Judges, and LAMBERTH,** District Judge.

---

\*        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*        The Honorable Royce C. Lamberth, United States District Judge for the District of Columbia, sitting by designation.

Brent T. Cherne and Sheryl L. Cherne appeal the district court's judgment affirming the bankruptcy court's decision on summary judgment. The bankruptcy court, overruling the Chernes' objection to a proof of claim filed on behalf of the Internal Revenue Service (IRS) against the Chernes' bankruptcy estate under 26 U.S.C. § 6672, granted summary judgment to the IRS and denied the Chernes' motion for summary judgment. We have jurisdiction under 28 U.S.C. § 158(d). We review de novo both the district court's judgment and the underlying bankruptcy court's ruling on summary judgment, *In re Raintree Healthcare Corp.*, 431 F.3d 685, 687 (9th Cir. 2005), and we affirm.

Section 6672 provides that a person with "status, duty, and authority" to remit a company's collected trust-fund taxes to the IRS can be held personally liable for taxes due that he willfully fails to remit. *See Davis v. United States*, 961 F.2d 867, 873 (9th Cir. 1992). As a board member of Florence Hospital, the management company's chief financial officer, and a significant shareholder in the hospital's ownership group and its management company, Mr. Cherne possessed "the authority required to exercise significant control over" the hospital's financial affairs. *Purcell v. United States*, 1 F.3d 932, 937 (9th Cir. 1993). Mr. Cherne participated in discussions concerning which of the hospital's bills to pay (including, at one point, recommending that other expenses be prioritized over payroll taxes), and he had signature authority on the hospital's accounts. We hold

that Mr. Cherne's failure to remit taxes due to the IRS thus constituted "a voluntary, conscious and intentional act to prefer other creditors over the United States." *Davis*, 961 F.2d at 871 (quoting *Klotz v. United States*, 602 F.2d 920, 923 (9th Cir. 1979)). Further, we conclude that the encumbered funds exception to section 6672 does not apply. Florence Hospital was under no legal obligation "to use the funds for a purpose other than satisfying the preexisting employment tax liability," as restrictions on assets imposed by a creditor do not qualify as legal obligations for purposes of this exception. *Nakano v. United States*, 742 F.3d 1208, 1212 (9th Cir. 2014).

We also deny the Chernes' motion to supplement the record in a separate Order.

**AFFIRMED**.